### TOWNLEY WILLIAMS *v.* JAMES McCAULEY.

Where a defendant has once appeared in the Marine or one of the justice's courts, and afterwards suffers judgment by default, having mistaken the time to which the cause was adjourned; the 366th section of the Code confers no power upon the appellate court to grant relief. (*a*)

ON the return of a summons, issued from the First District Court, the parties appeared by counsel and joined issue in an action for negligence. The trial was adjourned, and the parties again appeared and took a further adjournment to an appointed day, at nine A.M., when the plaintiff produced his testimony and recovered judgment in the defendant's absence.

An appeal being presented to this court, application for relief was made upon the return, and also upon affidavits entering into the merits, and alleging that the failure of the defendant to appear upon the trial was caused by mistaking the hour to which the adjournment had been ordered. It was said that the time fixed in the adjournment was unusual, and that ten was the hour commonly designated.

*John H. McCunn,* for the appellant.

*George S. Stitt,* for the respondent.

---

(*a*) See *Bunker* v. *Latson,* 1 E. D. Smith, 410; and *Mix* v. *White,* ib. 614.

Goldsmith v. Obermeier.

By THE COURT. DALY, J.—A defendant who has once appeared in the court below cannot apply to this court to relieve him from a default subsequently taken against him. We have no power to set aside or suspend the judgment except in a case where the defendant has failed to appear in the cause.

The judgment must be affirmed.